UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| MICHAEL T. GIBBS, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13-cv-45 |
| ) | *Mattice/Lee* |
| STATE OF TENNESSEE, ) | |
| WAYNE COUNTY, TENNESSEE, ) | |
| RIC WILSON, Wayne County Sheriff, ) | |
| CORRECTIONS CORP. of AMERICA, ) | |
| TENNESSEE DEP'T OF CORR., ) | |
| C.C.A. SOUTH CENTRAL CORR. ) | |
| FACILITY, C.C.A. SOUTH CENTRAL ) | |
| CORR. FACILITY STAFF, WARDEN ) | |
| AVRIL CHAPMAN, PRINCIPLE ) | |
| BRUCE WOODS, RECORDS CLERK ) | |
| ALESIA GOBBELL, GRIEVANCE ) | |
| CLERK JESSICA GARRET, I.P.O. ) | |
| SHERRY STONE, OFFICER SPARKS, ) | |
| OFFICER KING, OFFICER MOONEY, ) | |
| OFFICER BURK, and DOUGLAS ) | |
| STEPHENS, Gen'l Counsel of TDOC, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM and ORDER**

Plaintiff Michael T. Gibbs, a prisoner now housed in the C.C.A. South Central Correctional Facility in Clifton, Tennessee, brings this *pro se* "Negligent Tort Liability Claim Action" and civil rights action for injunctive and monetary relief under 42 U.S.C. § 1983, (Doc. 2). Plaintiff has also filed two applications to proceed *in forma pauperis*, (Docs. 1, 6) . However, plaintiff's complaint implicates 28 U.S.C. § 1915(g), which provides that a prisoner who has, on three or more prior occasions while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on

grounds as frivolous, malicious, or failing to state a claim upon which relief may be granted, shall not be permitted to bring a civil action under the federal pauper statutes, unless the prisoner is under imminent danger of serious physical injury. In other words, a prisoner who falls within the scope of § 1915(g) is not precluded from filing his lawsuit in federal court. He is, however, precluded from filing his lawsuit at taxpayer expense. *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998).

Records reflect that, while incarcerated, plaintiff has filed three prior civil rights actions in federal courts in Tennessee, all of which have been dismissed as frivolous or for failure to state a claim on one of the above-enumerated grounds. *Gibbs v. Osborne*, Civil Action No. 3:12-cv-576 (E.D. Tenn. Jan. 23, 2013) (dismissed for failure to state a claim and as frivolous), *appeal dismissed*, Sixth Circuit Appeal No. 13-5225 (6th Cir. 2013) ; *Gibbs v. Haslam,* Civil Action No. 1:12-cv-364 (E.D. Tenn. May 1, 1013) (dismissed as frivolous), *appeal dismissed*, Sixth Circuit Appeal No. 13-5634 (6th Cir. 2013); and *Gibbs v. State of Tennessee,* Civil Action No. 2:13-cv-2564 (W.D. Tenn. Aug. 14, 2013) (dismissed for failure to state a claim). Indeed, in the order dismissing *Gibbs v. State of Tennessee*, United States District Judge James D. Todd advised plaintiff that the dismissal of the case for failure to state a claim counted as a third dismissal for purposes of § 1915(g) and further advised him that he would be barred from filing any further actions *in forma pauperis* while he is a prisoner unless he faced imminent danger of serious physical injury.

The Court has reviewed the complaint, which centers on the same allegations which were made in all the suits noted above, i.e., that plaintiff is unlawfully confined in a state prison. True, plaintiff also states, in the instant case, that the defendants have no regard

for "his life being at stake" within the environment which imprisonment entails, but it is also true that he complains that he has been placed in segregated confinement. Segregated confinement is a form of protective custody, which as the name implies, is intended to isolate him and protect him from other prisoners. Thus, the Court does not find these factually undeveloped allegations that his life is at stake to be plausible or credible. Accordingly, because the "three-strikes" provision of 28 U.S.C. §1915 applies to this action and because plaintiff has not shown any threat of imminent harm, he is barred from filing it *in forma pauperis*.

This suit, which has been filed only for statistical reasons and to make a record, is **DISMISSED** without prejudice to plaintiff's filing of a prepaid complaint. *See Cohen v. Corr. Corp. of America*, 439 Fed. App'x 489, 492, 2011 WL 4469587, *3 (6th Cir. Sept.22, 2011).

**ENTER:**

           */s/Harry S. Mattice, Jr.*
           HARRY S. MATTICE, JR.
           UNITED STATES DISTRICT JUDGE